IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY GROCHOWSKI o/b/o<br>David P. Becinski, a minor,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-86<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM JUDGMENT ORDER

AND NOW, this __30th__ day of September, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for child's supplemental security income ("CSSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, denied. The Commissioner's decision of June 21, 2007, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence.

%AO 72
(Rev 8/82)

"Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Amy Grochowski ("plaintiff") protectively filed an application for CSSI on behalf of her minor son, David Becinski, on October 27, 2005, with an onset date amended at the hearing to January 1, 2006, due to mental health impairments. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on May 17, 2007, at which David and his mother, represented by counsel, appeared and testified. On June 21, 2007, the ALJ issued a decision finding that David is not disabled. On October 26, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Under the basic definition of disability for children set forth in the Act, an individual under the age of eighteen shall be considered disabled if that individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(I); see also 20 C.F.R. §416.906.

In determining whether a child is disabled under the Act, the ALJ must determine in sequence: (1) whether the child is doing substantial gainful activity; (2) if not, whether the child has a severe impairment; (3) if so, whether the child's impairment meets, medically equals, or functionally equals the listing of impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. §416.924(a).

In this case, after reviewing the record and hearing testimony, the ALJ found that, although the evidence establishes that David suffers from the severe impairments of bipolar disorder and anxiety disorder NOS, those impairments, alone or in combination, do not meet or medically equal the severity of any of the impairments listed in Appendix 1 of 20 C.F.R., Subpart P, Regulations No. 4, nor result in limitations that functionally equal the listings. As a result, the ALJ found that David is not disabled within the meaning of the Act.

Plaintiff challenges the ALJ's finding of not disabled at step three of the sequential evaluation process for childhood

disability. Specifically, plaintiff contends that the ALJ erred in failing to consider opinions from his mental health providers indicating that David has marked limitations in at least two domains which would support a finding that David's impairments functionally equal the listings under the criteria set forth in §416.926a. After reviewing the record, this court finds that the ALJ's evaluation of the record evidence as a whole, and the opinions of plaintiff's mental health providers in particular, is lacking and is compelled to remand this case for appropriate consideration.

At step 3 of the sequential evaluation process for children, the ALJ must determine whether a claimant's severe impairments meet, medically equal, or functionally equal a listed impairment. 20 C.F.R. §416.924(d). The regulations set forth specific rules for evaluating whether the claimant has an impairment that meets a listing (20 C.F.R. §416.925), medically equals a listing (20 C.F.R. §416.926) or functionally equals a listing (20 C.F.R. §416.926a).

Under the regulations, an impairment functionally equals the listings if it results in "marked" limitations[1] in two domains of functioning or an "extreme" limitation[2] in one domain. 20 C.F.R.

---

[1]. The regulations describe a "marked" limitation as "more than moderate" but "less than extreme." §416.926a(e)(2)(i). A "marked" limitation in a domain will be found "when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities." Id.

[2]. An "extreme" limitation is a limitation that is "more than marked" but does not necessarily mean a total lack or loss of

- 4 -

§416.926a(a). The six domains of functioning to be considered in this evaluation are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and, (6) health and physical well-being. §416.926a(b)(1)(i)-(vi).

In this case, the ALJ determined that David has "less than marked" limitations in the domains of interacting and relating with others and caring for himself, and has "no" limitations in the other four domains of functioning. Accordingly, because he found no marked limitations in any two domains of functioning, the ALJ concluded that David's impairments are not functionally equivalent in severity to any listed impairment.

Upon review, the court cannot find that the ALJ's assessment of David's functional limitations in any domain is supported by substantial evidence for the simple reason that the ALJ's decision contains little to no analysis insofar as his findings as to limitations in each of the domains. For the most part, the ALJ simply recites the applicable regulations and then summarily concludes that David has "less than marked" or "no" limitation as to a particular domain. (R. 19-23).

However, as plaintiff points out, the record contains three separate reports from treating sources indicating David has "marked" limitations in at least three domains. An assessment

ability to function. §416.926a(e)(3)(i).

- 5 -

dated April 30, 2007, prepared by Dr. Pan, David's treating psychiatrist at Western Psychiatric Institute and Clinic (WPIC) found marked limitations in the domains of attending and completing tasks, interacting and relating to others, taking care of himself (at relapse), and health and physical well-being. (R. 206-08). An assessment completed by plaintiff's treating therapist, Brian McKain, R.N., also dated April 30, 2007, reported "marked" limitations in the domains of attending and completing tasks, interacting and relating to others and health and physical well-being. (R. 230-32). Finally, a May 15, 2007, assessment done by plaintiff's treating psychiatrist Dr. Tumuluru and psychiatric social worker Jennifer Onderick at the WPIC Adolescent Partial Hospital Program indicated "marked" limitations in the domains of attending and completing tasks, interacting and relating with others and caring for yourself. (R. 235-36).

None of the foregoing reports was addressed adequately by the ALJ in assessing plaintiff's limitations in any of the domains of functioning. First, the report from Dr. Pan was never mentioned anywhere in the ALJ's decision. Moreover, although the ALJ did briefly allude to the reports from Dr. Tumuluru and Mr. McKain, he did so only in assessing credibility and merely noted that he was giving the assessments of "marked" limitations in various domains little weight because they represented "a treatment course of less than six months" and "were necessarily transient and anomalous." (R. 19).

It is axiomatic in social security cases that, although the

ALJ may weigh the credibility of the evidence, he must give some indication of the evidence that he rejects and his reasons for discounting that evidence. Fargnoli, 247 F.3d at 43. Where the ALJ fails to consider and explain his reasons for discounting all of the relevant evidence before him, he has not met his responsibilities under the Act and the case must be remanded with instructions "to review all of the pertinent medical evidence, explaining any conciliations and rejections." Burnett v. Apfel, 220 F.3d 112, 122 (3d Cir. 2000).

Here, the ALJ did not adequately consider and explain his reasons for rejecting or discounting all of the relevant evidence. First, the ALJ did not mention Dr. Pan's assessment at all in his decision. Second, the ALJ failed to specifically address any of the specific findings of "marked" limitations in the numerous domains as found by Dr. Tumuluru and Mr. McKain, instead only broadly finding, in his credibility assessment, that these assessments were "transient and anomalous." Third, the ALJ failed to set forth in his decision any of the contradictory evidence of record, either medical or through other experts such as David's teachers, that supported his findings of "less than marked" or "no" limitations in any of the domains. Accordingly, it is not possible for the court to conduct meaningful judicial review of the ALJ's evaluation of the medical evidence in light of the dearth of explanation and rationale.

The Commissioner did a commendable job in his brief setting forth all of the evidence of record which could support the ALJ's

conclusions regarding David's functional limitations in each of the domains. However, the court's task is to analyze the ALJ's decision itself, not the Commissioner's brief, and determine if that decision is supported by substantial evidence.

Here, the ALJ never cited to <u>any</u> of the evidence laid out by the Commissioner in assessing David's functional limitations in any of the domains. In fact, other than four paragraphs in which he very briefly sets forth certain medical evidence supporting a finding that David suffers from the severe impairments of bipolar disorder and anxiety disorder NOS (R. 18), there is no discussion of any medical evidence in the ALJ's decision, other than his brief allusion to the assessments of Dr. Tumuluru and Mr. McKain while discussing credibility. Moreover, the ALJ never referred to or cited any evidence from Ms. Horzempa, Mr. Borz, Dr. Rickin, any of David's teachers, Ms. Cecil, Dr. Pan or Dr. Glover, all of which is cited in the Commissioner's brief as supporting the ALJ's findings. In essence, the ALJ's ten-page decision consists almost entirely of nothing more than a recitation of the applicable regulations followed by conclusory findings with little or no analysis.

While the ALJ may have relied on the evidence cited by the Commissioner, he did not say so in his decision, and this court cannot speculate as to the evidence in the record upon which the ALJ relied, particularly when he failed to consider all of the medical evidence before him. This court cannot uphold an ALJ's decision based on after-the-fact justifications raised by the

Commissioner on judicial review or simply assume that the ALJ relied on certain evidence to support his decision.

On remand, the ALJ must specifically address all of the relevant medical evidence, including the findings of "marked limitations" in the various domains as found by Dr. Pan, Dr. Tumuluru and Mr. McKain, and explain his reasons for rejecting or discounting any particular evidence which he believes is entitled to less weight. The ALJ, of course, does not have to accept the opinions from any particular medical source, so long as he adheres to the standards set forth in the regulations for evaluating medical evidence, 20 C.F.R. §404.1527(d)(2), and gives some indication of the evidence he rejects and his reasons for rejecting it. In addition, the ALJ should cite to the record evidence that actually supports the findings that he has made.

Accordingly, for the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

                                            s/Gustave Diamond
                                            Gustave Diamond
                                            United States District Judge

cc: Karl E. Osterhout, Esq.
    1789 South Braddock Avenue
    Suite 570
    Pittsburgh, PA 15218

    Paul Kovac
    Assistant U.S. Attorney
    United States Post Office & Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219